UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WICKMAN ENTERPRISES, INC. & NATHAN FITGERALD, SR., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE R. JACOBSON; CAROL L. JACOBSON and DOES 1-5, <br><br> Defendants. | Case No.  5:14-cv-02248 HRL <br><br> **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br> **REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendant George R. Jacobson removed this unlawful detainer action from Napa County Superior Court.[1] He also seeks leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to state court.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the

---

[1] Although the Notice of Removal says that this matter was filed in Santa Clara County Superior Court, the record before the court indicates that the complaint was filed in Napa County Superior Court.

complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Defendant's financial affidavit indicates that he lacks sufficient resources to pay the filing fee, and his IFP application is granted. Even so, this court concludes that there is no federal subject matter jurisdiction.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiffs' complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. The complaint indicates that the amount demanded does not exceed $10,000. And, the

2

record presented indicates that defendant is a California citizen.  (See Dkt. 1-1).  An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

There being no basis for federal jurisdiction over plaintiffs' unlawful detainer action, the removal of this case was improper.  Defendant is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Napa County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

**SO ORDERED**.

Dated:   May 16, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

1   5:14-cv-02248-HRL Notice sent by U.S. Mail to:

2

3   Terry Alan Duree
    Terry A. Duree, Inc.
    622 Jackson Street
4   Fairfield, CA 94533

5   George Jacobson
    40 Cherry Lane
6   Campbell, CA 95008

4